PER CURIAM.
Appellant seeks reversal of a final judgment awarding appellee $9,443.84 as damages for breach of an employment contract by appellant.
We have heard oral arguments in this cause and have carefully examined the record on appeal and the briefs submitted by the parties. Upon our consideration thereof, we conclude that the trial court erred in awarding appellee damages for an alleged breach of employment contract. Due to the fact that appellee never worked one day under the new management structure, the trial court’s judgment must have been based solely on the letter of April 4, 1973, which defined appellee’s duties as general manager under said new management. We have studied said letter in conjunction with the testimony regarding ap-pellee’s prior duties and obligations and in connection with the testimony regarding the nature of the new management which would be located in Jacksonville, rather than in New York as before. We can not agree with the construction which the trial court gave to such letter, and we find that the duties and obligations imposed in said letter did not constitute an unreasonable restriction of the appellee’s employment contract. To hold otherwise would require appellant to relinquish complete control of the business to a person whose abilities were partially unknown to the new ownership, and assume a position as a mere observer of the conduct of the business. In order to recover on a claim for breach of an employment contract by virtue of a reduction in rank or a change or obliteration of duties, the employee must establish that the duties requested of him are not within *893 the contemplation of the employment contract. We find that the duties and roles placed upon appellee in the April 4th letter did not constitute a reduction in rank nor an imposition of uncontemplated duties nor an obliteration of contemplated duties, nor did said letter reduce appellee to the position of a subordinate. When appellee voluntarily chose to terminate his employment based upon said letter, he was not entitled to damages against appellant.
This cause is reversed with directions to enter judgment in favor of appellant.
Reversed.
JOHNSON, Acting C. J., BOYER, J., and EASTMOORE, E. L., Associate Judge, concur.